UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELYN M. ERDMANN,

    Plaintiff,

v.                                                        CASE NO.: 8:05-CV-932-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying her claims for a period of disability and Disability Insurance Benefits ("DIB").[1] Essentially, she argues that the Administrative Law Judge ("ALJ") erred by finding that the Plaintiff has the residual functional capacity ("RFC") to perform her past relevant work and by improperly discounting her credibility. After reviewing the record, I find that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

*Background*

Plaintiff was sixty years old at the time of her administrative hearing on September 20, 2004. She has more than a high school education and work experience as a production manager, press operator, and bartender. Plaintiff alleges disability due to arthritis, depression, visual problems, and

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (c). (doc. 22)

neck pain.[2] Plaintiff initially filed for a period of disability and DIB on December 9, 2002, alleging a disability onset date of June 2, 1998. Her application was denied both initially and upon reconsideration. The case is now ripe for review.

*Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the

---

[2] The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Order. (R. 12-14).

claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that [s]he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*Discussion*

*1. Whether the ALJ erred in determining Plaintiff has the RFC to perform her past relevant work.*

Plaintiff argues that the ALJ erred in finding she has the RFC to perform her past relevant work. Specifically, Plaintiff maintains that because there was little in the record concerning her mental health, the ALJ should have fully developed the record by referring her for a consultative examination or questioning her treating physicians. Defendant argues that the ALJ's decision is supported by substantial evidence.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). If a claimant can still do the kind of work she has done in the past, then the Regulations require that she be found not disabled. At this stage of the evaluation process, the burden is on the plaintiff to show that she can no longer perform her past relevant work. *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986). In evaluating a claimant's residual functional capacity, the ALJ is obliged to consider all of the claimant's impairments, including subjective symptoms such as pain.

Additionally, it is the plaintiff's burden to prove she is disabled. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Furthermore, a plaintiff is required to show prejudice from lack of development of a record before a case will be remanded for further development. *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997). The record must reveal "evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981)). The ALJ has a basic obligation to develop a full and fair record, without regard for whether the applicant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735-736 (11th Cir. 1981); *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). The ALJ may order a consultative examination in order to fully develop the record, but the ALJ is not required to do so unless the examination is necessary in order to make a decision. 20 C.F.R. § 404.1527; *Ford v. Sec. of Health & Human Servs.*, 659 F.2d 66, 69 (5th Cir. 1981)(Unit B). Where there is no diagnosis of neurosis or psychosis and there is substantial evidence to support the ALJ's decision, the ALJ is not required to order a consultative psychiatric evaluation. *Murray v. Heckler*, 737 F.2d 934 (11th Cir. 1984) (finding that a consultative

4

examination was not required where a single medical report described claimant as anxious and claimant never received treatment for mental problems).

The ALJ determined that Plaintiff had the RFC to perform her past relevant work. In making this determination, the ALJ appropriately considered the medical evidence, which upon independent review, supports the ALJ's decision. With the exception of Plaintiff's testimony, the only evidence regarding Plaintiff's mental health occurred in 1998 and January 1999, when Plaintiff was provided samples of Prozac to aid her depression after Serzone did not help. R. 209. While she was referred to a psychiatrist, she did not go, and there is no evidence of any type of mental health treatment. R. 260. Both state agency psychologists opined there was insufficient evidence to support a finding of a severe mental impairment. R. 106, 122. Therefore, there has been no diagnosis of any mental condition that would have caused the ALJ to order a consultative psychiatric evaluation. Also, Plaintiff has not demonstrated that she was prejudiced by the lack of a consultative expert, because she fails to explain what evidence concerning her mental health treatment may have been discovered by the examination. Therefore, I find the ALJ's decision is supported by substantial evidence.

*2.     Whether the ALJ erred in discrediting Plaintiff's testimony.*

Plaintiff contends that the ALJ erred in discrediting her testimony concerning her disabling pain and depression. Specifically, Plaintiff claims that the ALJ should have considered her subjective complaints in evaluating her RFC. Defendant argues that the ALJ properly determined that Plaintiff's subjective complaints cannot solely establish disability.

The standard for evaluating subjective evidence of pain in disability cases requires the ALJ to credit a claimant's subjective pain testimony if there is evidence of an underlying medical condition and either (1) objective medical evidence to confirm the severity of the alleged pain or (2)

that the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the ALJ rejects a claimant's testimony regarding complaints of pain, he must articulate "explicit and adequate reasons" for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). The articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562.

Here, the ALJ specifically found that Plaintiff's statements regarding her impairments and their impact on her ability to work were not entirely credible in light of Plaintiff's "fully functional type lifestyle" and the medical evidence. R. 14. In support, the ALJ articulated explicit and adequate reasons for discounting Plaintiff's subjective complaints, and such reasons are supported by substantial evidence. In particular, the ALJ found that Plaintiff was able to take care of herself and perform daily household chores. Furthermore, there were no clinical findings of a mental or physical disabling impairment. The ALJ noted that while Plaintiff did have medical impairments that prevented heavy lifting, the medical findings regarding that impairment did not cause "limitations of incapacitating proportions." R. 14. Upon review, the ALJ's reasons for discounting Plaintiff's credibility are rational and supported by substantial evidence. Accordingly, the ALJ properly discounted Plaintiff's credibility.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

6

1.  The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2.  The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 16th day of August, 2006.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:  Counsel of Record